IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ABRAHAM ALEJANDRO GONZALEZ ALARCON,

    Petitioner,

vs.                                                          No. 15-CV-910 MV/LF

ADRIAN MACIAS, El Paso Field Office Director,
Immigration and Customs Enforcement, and
RONALD WARREN, Assistant Field Office
Director, Immigration and Customs Enforcement,
in their official capacities,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on respondents Adrian Macias and Ronald Warren's Motion to Dismiss for Mootness (Doc. 8). Respondents, two United States Immigration and Customs Enforcement ("ICE") Officials, argue that the Court should dismiss petitioner Abraham Alejandro Gonzalez Alarcon's § 2241 habeas corpus petition as moot because Mr. Alarcon has been released from ICE physical custody under an order of supervision. Mr. Alarcon opposes the motion. *See* Doc. 10. Because Mr. Alarcon remains subject to conditions of supervised release, I find that his habeas corpus petition challenging respondents' authority to hold him is not moot. Consequently, I recommend that the Court deny respondents' motion to dismiss.

    **I.**     **Background**

On April 24, 2015, petitioner Abraham Alejandro Gonzalez Alarcon was arrested by a United States Border Patrol Agent for re-entering the country subsequent to a prior deportation. *See* Criminal Complaint (Doc. 1 in *United States v. Gonzalez-Alarcon*, Case No. 15-mj-1478). Mr. Alarcon was charged with violating 8 U.S.C. § 1326. *Id.* During the plea negotiation process, Mr. Alarcon asserted a claim of United States citizenship and provided the prosecution

1

with documents purporting to support this claim.  *See* Doc. 1 ¶ 17; Doc. 8 at 2.  On October 7, 2015, the United States filed a motion to voluntarily drop the charges against Mr. Alarcon.  *See* Motion to Dismiss Complaint (Doc. 14 in *United States v. Gonzalez-Alarcon*, Case No. 15-mj-1478).  The Court promptly granted the motion.  *See* Order (Doc. 15 in *United States v. Gonzalez-Alarcon*, Case No. 15-mj-1478).  Because Mr. Alarcon remained subject to a removal order, he was remanded to ICE custody.  Doc. 8 at 3.

Two days later, on October 9, 2015, Mr. Alarcon filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. 1.  In this petition, Mr. Alarcon once again asserts a claim of United States citizenship.  *Id.* ¶¶ 1–2.  He argues that ICE lacks jurisdiction to detain him and requests a court order immediately releasing him from ICE custody.  *Id.* ¶¶ 2–3.

On October 14, 2015, before filing a response to the habeas petition, ICE officials released Mr. Alarcon from physical custody under an order of supervision.  *See* Doc. 8-1.  The order placed Mr. Alarcon under ICE supervision and imposed various conditions on his freedom, including a travel restriction.  *Id.*  As far as the Court is aware, Mr. Alarcon remains living in Oklahoma subject to this order of supervision.

**II.     Mootness Doctrine**

In their motion to dismiss, respondents maintain that Mr. Alarcon's release from physical ICE custody moots his § 2241 habeas petition.  As respondents emphasize, Article III limits the jurisdiction of federal courts to "cases or controversies" in which the parties have a personal stake.  U.S. Const. art. III, § 2, cl. 1; *Ind. v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015).  "When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot."  *Colo. Dep't of Corr.*, 801 F.3d at 1213; *see also United States v. Fisher*, 805 F.3d 982, 989 (10th Cir. 2015) ("A claim is moot if a party has

already obtained the only relief it seeks."). In general, absent a recognized exception, once a case is moot, the Court lacks subject matter jurisdiction and must dismiss the case. *Colo. Dep't of Corr.*, 801 F.3d at 1213–14.

Here, respondents assert that Mr. Alarcon's release from physical custody mooted his habeas petition by providing him with "his requested relief." Doc. 8 at 6. The problem with this argument is that Mr. Alarcon's release from physical custody did not constitute the full release from ICE custody that he requested. To the contrary, according to the order of supervision, Mr. Alarcon remains "placed under [ICE] supervision" subject to a list of conditions, which require him, among other things, to (1) "appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal," (2) appear for medical or psychiatric examinations, and (3) refrain from traveling outside the Oklahoma City Sub Office area without providing notice. Doc. 8-1. Courts have long recognized that an order of supervision, such as this one, which "significantly confine[s] and restrain[s]" an individual's freedom, places that individual "in custody" within the meaning of the habeas corpus statutes. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *see also Mays v. Dinwiddie*, 580 F.3d 1136, 1138–39 (10th Cir. 2009) ("A prisoner need not be incarcerated to satisfy the [habeas corpus] custody requirement;" being subject to a parole order may suffice); *Pelletier v. United States*, 588 F. App'x 784, 792 (10th Cir. 2014) (an order requiring individual to appear for trial at the court's discretion satisfied the "in custody" requirement of the habeas statute).

This reasoning applies with equal force to habeas actions arising from immigration detentions. *See Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994) ("[A]n alien whose liberty is restricted pursuant to an order emanating from the INS is 'in custody' for purposes of satisfying the prerequisites for habeas review."); *see also Peruch-Vicente v.*

*Longshore*, Case No. 15-cv-00068-GPG, 2015 U.S. Dist. LEXIS 31215, at *6 (D. Colo. Mar. 12, 2015) (applicant under order of supervision was in "physical custody of federal immigration authorities").  Because Mr. Alarcon is subject to supervised conditions of release, which significantly restrict his movements, he remains in custody for the purposes of § 2241.  Thus, he continues to suffer an "actual injury that can be redressed by a favorable judicial decision," and his case is not moot.  *See Colo. Dep't of Corr.*, 801 F.3d at 1213.

### III.    Jurisdiction Stripping Provisions of the Real ID Act of 2005

While respondents' motion is styled as a motion to dismiss "for mootness," it hints at a second, much thornier issue:  does the Real ID Act of 2005, 8 U.S.C. § 1252, strip the Court of habeas jurisdiction over Mr. Alarcon's otherwise live citizenship claim?  *See* Doc. 8 at 7.  As amended by the Real ID Act of 2005, Title 8 U.S.C. § 1252 limits this Court's jurisdiction to hear challenges to removal orders, including challenges brought in the habeas context:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code [28 USCS § 2241], or any other habeas corpus provision . . . , no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

8 U.S.C. § 1252(g).  In addition to this general prohibition, the Act explicitly precludes courts from entertaining challenges to removal orders via a § 2241 habeas petition:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code [28 USCS § 2241], or any other habeas corpus provision . . . , a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).  For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code [28 USCS § 2241], or any other habeas corpus provision, sections 1361 and 1651 of such title [28 USCS §§ 1361 and 1651], and review pursuant to any other provision of law (statutory or nonstatutory).

4

8 U.S.C. § 1252(a)(5).  These provisions arguably strip the Court of habeas jurisdiction to hear Mr. Alarcon's claim that he is a United States citizen whom ICE lacks authority to detain.  Granting Mr. Alarcon his requested relief would directly conflict with the order of removal under which he is being held.  On the other hand, Mr. Alarcon has identified case law indicating that the Real ID Act of 2005 does not terminate habeas jurisdiction "to review a challenge to immigration detention based on the detainee's argument that he was actually a United States citizen and therefore could not properly be held in custody."  *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011).

It is unclear where respondents stand on this issue.  Although they cite to the Real ID Act of 2005, they do not take a firm and definite position on whether the Act strips the Court of jurisdiction to entertain a <u>live</u> habeas petition raising a citizenship claim.[1]  Instead, they simply point out that the Real ID Act of 2005 strips the Court of jurisdiction to hear Mr. Alarcon's citizenship claim to the extent he is attempting to assert this claim outside the habeas context.  In other words, respondents tie their arguments regarding the Real ID Act of 2005 to their argument that Mr. Alarcon's habeas challenge is moot.  They do not ask that the Court dismiss the habeas petition under 8 U.S.C. § 1252 even if the petition turns out to be live.  *Id.* at 10 (concluding by asking the Court to dismiss the petition as moot).  In short, they do not develop or squarely present to the Court the complicated issue of whether the Real ID Act of 2005 strips the Court of jurisdiction to hear Mr. Alarcon's live habeas claim.  As a result, I construe respondents' motion to dismiss narrowly as simply a motion to dismiss for mootness and recommend leaving for another day the question of whether the Real ID Act strips the Court of jurisdiction to hear Mr.

---

[1] Respondents acknowledge that courts may hear habeas challenges to pre-removal detentions in certain circumstances.  Doc. 8 at 8.  They argue, however, that this does not apply to Mr. Alarcon's claims because his challenge to his detention is moot.  For the reasons already discussed, however, Mr. Alarcon's habeas claim is not moot.

Alarcon's habeas petition. Taking this approach decreases the chances of misinterpreting respondents' position regarding the Real ID Act of 2005. It also allows the Court to postpone ruling on a complicated issue until it has been thoroughly briefed. Thus, in conjunction with the entry of this report and recommendation, I am ordering supplemental briefing on the jurisdictional question.

### IV.  Conclusion

For the forgoing reasons, I find that Mr. Alarcon remains in ICE custody. I therefore recommend that the Court deny respondents' motion to dismiss for mootness.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

                                                                                     _____
                                                                                     Laura Fashing
                                                                                     United States Magistrate Judge